## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **DESHAWN WILSON**<br>2609 Mura Street<br>Baltimore, MD 21213<br><br>*Plaintiff,*<br>v.<br><br>**STATE OF MARYLAND**<br>Dereck E. Davis, *Treasurer*<br>80 Calvert Street<br>Annapolis, Maryland 21401<br><br>and<br><br>**MAYOR AND CITY COUNCIL BALTIMORE CITY**<br>Ebony Thompson, *City Solicitor*<br>100 North Holliday Street, Room 250<br>Baltimore, Maryland 21202<br><br>and<br><br>**BALTIMORE CITY POLICE DEPARTMENT**<br>Richard Worley, *Police Commissioner*<br>601 East Fayette Street<br>Baltimore, Maryland 21202<br><br>and<br><br>**KENNETH MORALES-MENDEZ**<br>*In His Individual and Official Capacity as a Baltimore City Police Officer*<br>Baltimore City Police Department<br>601 East Fayette Street<br>Baltimore, Maryland 21202<br><br>*Defendants.* | Civil Case No.: C-24-CV-25-006680<br><br>*Jury Trial Demanded* |

## COMPLAINT AND JURY DEMAND

Comes now the Plaintiff, by and through undersigned counsel, and sues the above-named Defendants, stating as follows:

1

## INTRODUCTION

1) This case arises out of the malicious prosecution of Plaintiff DeShawn Wilson following a vehicle collision on April 17, 2022.

2) Plaintiff was rendered unconscious as a result of the collision.

3) Officer Kenneth Morales-Mendez was the responding officer to the scene who allegedly recovered a firearm belonging to Plaintiff.

4) This was categorically false.

5) Records show conflicting statements from the officer, the officer's own body-worn camera, and a responding firefighter. All three sources are conflicting as to who found the firearm, where it was found, and the immediate actions taken by the person who allegedly discovered it.

6) The gun did not belong to Plaintiff and there was no evidence supporting otherwise.

7) Nevertheless, Plaintiff was charged with knowingly transporting a firearm and incarcerated pending trial. His charges were entered *nolle prosequi*.

8) Plaintiff brings this civil action as a result of the malicious prosecution initiated against him.

## JURISDICTION AND VENUE

9) This Court has jurisdiction pursuant to Md. Code, Cts. & Jud. Proc., § 6-102, as Defendants are domiciled in the State of Maryland and/or are organized under the laws of Maryland and have their principal place of business in the State.

10) Venue is proper in this court because all of the of the material events occurred in Baltimore City, Maryland.

11) Plaintiff provided notice of his claim on or about April 14, 2023, via certified mail, return receipt requested, within one year of the date of the incident subject to this lawsuit. All conditions precedent for the filling of this suit have been satisfied.

## PARTIES

12) Plaintiff DeShawn Wilson ("**Plaintiff**" or "**Mr. Wilson**") is an adult resident of Maryland. Mr. Wilson is the aggrieved part in this suit and resides at 2609 Mura St. Baltimore, Maryland 21213.

13) Defendant State of Maryland ("**Defendant State**") is a body politic and corporate body that may sue and be sued and has waived any applicable sovereign immunity in accordance with the Maryland State Tort Claims Act under Md. Code Ann., State Gov. § 12-104. Defendant State was responsible for the hiring, training, and supervision of the individual defendants and all employees and/or agents of the Baltimore Police Department.

14) Defendant Baltimore City is a body politic and corporate body that may sue and be sued.

15) Defendant Baltimore Police Department ("**BPD**") is a public entity established under the laws of Maryland. Richard Worley ("**Police Commissioner**") is currently employed by Baltimore City, Maryland, through the Baltimore Police Department as the Police Commissioner to the Baltimore Police Department. Commissioner Worley was sworn into office as the Police Commissioner of the Baltimore City Police Department on October 5, 2023. Worley is being sued in his official capacity as Police Commissioner of the Baltimore City Police Department only because he stands in the shoes of his predecessor(s).

16) Defendant Kenneth Morales-Mendez ("**Defendant Morales**") was, at all times relevant to the occurrences complained of herein, an adult resident of the State of Maryland,

employed by Baltimore City and/or the State of Maryland, through the Baltimore Police Department as a police officer, and at all times relevant hereto was acting in his official capacity as a police officer and under the authority and color of law.

## FACTS COMMON TO ALL COUNTS

17) During the early morning hours of April 17, 2022, Mr. Wilson was driving a white Honda Accord in the westbound lane of Moravia Road in Baltimore City.

18) Shortly before 3:00 a.m., an Isuzu NPR, which is a cab-forward commercial vehicle, collided head-on with Plaintiff's vehicle near the intersection of Belair Road and Walther Avenue.

19) Due to the severity of the collision, Plaintiff temporarily lost consciousness and was unable to evacuate the vehicle on his own.

20) The vehicle he was driving was totaled and was towed from the accident location shortly after the occurrence.

21) Defendant Morales arrived sometime around 3:10 a.m. and was the first officer on scene.

22) Prior to the vehicle being towed, Defendants failed to document a search of the vehicle or the immediate area surrounding the vehicle(s).

23) First responders arrived on scene and discovered Mr. Wilson in serious medical condition.

24) Firefighters were able to successfully extract Plaintiff from the vehicle and begin to administer emergency medical treatment.

4

25) Plaintiff was immediately transported to Johns Hopkins hospital. He was in a coma for three days and upon regaining consciousness, was informed that he suffered a fractured spine, fractured ribs, and a neck injury among many others.

26) In the Application for Statement of Charges, Defendant Morales alleged that Baltimore City Fire Department Captain Eric Samios-uy (Unit # 1757) observed a handgun on the passenger side of Plaintiff's vehicle while he was rendering medical aid.

27) The Statement of Charges goes on to state that the firearm "was recovered from the vehicle" and submitted to the Evidence Collection Unit. It is unclear who allegedly recovered the firearm.

28) Internal correspondence between the department and the State's Attorney's Office notes a discrepancy between Defendant Morales' recitation of events, Cpt. Samios-uy's recitation of events during his interview with the State's Attorney's Office, and what can be seen on Officer Morales' body-worn camera ("BWC").

29) In an interview with the Baltimore City State's Attorney's Office, Cpt. Samios-uy stated that the firearm was removed from the vehicle by a firefighter *prior to the officer's arrival* at the accident site. This information was explicitly omitted from the Statement of Charges.

30) BWC is expected to show that the firearm was recovered far away from where the vehicle collision occurred and was provided to the officer by a third-party.

31) Defendant Morales failed to properly note how, where, and by whom the firearm was allegedly found.

32) Plaintiff maintains that he was never in possession of a firearm at any time surrounding the vehicle collision.

33) There was no evidence at trial to show that Plaintiff ever owned, possessed, or was even aware of the firearms' existence before he was charged with possessing it.

34) Neither Plaintiff's DNA nor his fingerprints were found on the firearm.

35) Defendants did not have probable cause to believe that the firearm was the property of Plaintiff or ever in his possession.

36) Defendant Morales did not even ask the driver of the Isuzu whether the backpack and/or firearm belonged to him. Plaintiff was unconscious and therefore could not respond.

37) The area where the collision occurred is a large intersection in a public thoroughfare with significant and constant foot traffic. This is not a situation where the firearm could *only* have come from Mr. Wilson.

38) On or about April 22, 2022, the State issued a warrant charging Mr. Wilson for knowingly transporting a firearm based solely on the completely fabricated statement of the defendant officer.

39) Plaintiff was arrested while he was still in the hospital recovering from his injuries.

40) He was transported to the Baltimore Central Booking and Intake Facility ("CBIF") where he was held on a regular tier despite his fractured spine, broken ribs, and neck brace.

41) Mr. Wilson was denied bail due to the nature of his charges.

42) On July 27, 2022, due to the State's inability to produce a consistent witness account or any evidence verifying the firearm's actual location or ownership, the prosecution entered a verdict of *nolle prosequi*. All charges against Mr. Wilson were dismissed.

43) Mr. Wilson was wrongfully incarcerated at CBIF for nearly three excruciating months, while recovering from life-threatening injuries. He endured constant pains, limited mobility, and restricted access to adequate medical care.

44) As a result of these false and unsupported claims at the hands of corrupt officers and systems, Mr. Wilson has suffered and continues to suffer extreme emotional trauma, physical pains, economic loss, including three months of lost wages, reputational harm, and missed personal and professional opportunities.

45) At all times relevant hereto, Defendant acted under color and pretense of law, and under color of statutes, customs, and usages of the State of Maryland.

46) At all times relevant hereto, Defendant acted within the scope of his employment, with the power and authority vested in him as an officer, agent, and employee of Baltimore City and BPD and incident to the pursuit of his duty as an officer, employee and agent of Baltimore City and BPD.

47) Defendant officer's actions were malicious or alternatively were for an improper purpose, primarily, to subject Plaintiff to legal consequences despite the fact that there was no probable cause to believe the firearm belonged to him.

## COUNT I
## Maryland Declaration of Rights – Malicious Prosecution
### (Against all Defendants)

48) Every paragraph not falling under this Count is incorporated herein by reference.

49) Articles 24 and 26 of the Maryland Declaration of Rights protect people in Maryland against unreasonable seizure and violations of their right to due process of law.

50) The Defendants instituted and continued criminal proceedings against the Plaintiff. This was done through the acts outlined above, including, but not limited to,

applications for warrants and charges and the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony.

51) The Defendants instituted and continued a criminal proceeding against the Plaintiff without probable cause. There was not sufficient evidence against the Plaintiff to form the basis for probable cause at any point. Any determinations to the contrary were unlawfully obtained by the Defendants through the falsification of police reports as well as perjurious testimony.

52) The Defendants did not close all relevant facts to the Judge or prosecutor for the purposes of making probable cause determinations.

53) The Defendants acted with malice and/or with a motive other than to bring any alleged offender to justice. The Defendants manufactured, altered, destroyed, or covered-up evidence which rendered Plaintiff's ability to present his criminal defense effectively and adequately, interfering with his right of access to the courts as protected by the Maryland Constitution.

54) The Defendants' actions deprived Plaintiff of his liberty for the duration of the time that he was incarcerated on these charges. Plaintiff did not consent to the Defendants' deprivation of his liberty.

55) All proceedings were terminated in favor of the Plaintiff on July 27, 2022, when his conviction for the crimes resulting from this incident was entered *nolle prosequi*.

56) As a result of the above-described malicious prosecution of the Plaintiff, he was deprived of his liberty without probable cause and denied his rights under the Maryland Constitution.

57) In addition to reviewing and approving the documentation submitted by the individual Defendant and despite knowing of the deficiencies listed elsewhere herein, Defendant BPD encouraged policies and procedures and promoted the departmental culture which permitted the misconduct at issue in this case.

58) The individual Defendant committed the tortious acts or omissions described herein within the scope of his employment with Baltimore City. As such, Defendants Baltimore City and/or BPD and/or State are liable for the Defendants' conduct under the Maryland Tort Claims Act and/or the Local Government Tort Claims Act. In the alternative, the individual Defendant's tortious acts or omissions were outside of the scope of his employment with Baltimore City and the individuals are personally liable for their own conduct. In either case, Defendant Baltimore City and/or BPD and/or State are liable, under a theory of *respondeat superior*, for the violations of the Maryland Declaration of Rights detailed above.

59) As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages as a direct and proximate result of his malicious prosecution, including but not limited to pain, suffering, humiliation, loss of enjoyment of life, and embarrassment, all to his detriment.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

66) As a result of the above-described malicious prosecution of the Plaintiff, he was deprived of his liberty without probable cause and denied his common law rights.

67) Defendant Morales committed the tortious acts or omissions described herein within the scope of his employment with Baltimore City. As such, Defendant Baltimore City and/or BPD and/or State are liable is liable for the Defendant's conduct under the Local Government Tort Claims Act and/or the Maryland Tort Claims Act. In the alternative, the individual Defendant's tortious acts or omissions were outside of the scope of employment with Baltimore City and he is personally liable for his own conduct. In either case, Defendant Baltimore City and/or BPD and/or State are liable, under a theory of *respondeat superior*, for the violations of the Maryland Declaration of Rights detailed above.

68) As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages as a direct and proximate result of his unlawful search, seizure, false arrest, and false imprisonment, as well as consciously experienced pain, suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

### COUNT III
### Maryland Declaration of Rights – Due Process
### (Against all Defendants)

69) Every paragraph not falling under this Count is incorporated herein by reference.

11

70) Defendants engaged in activity that denied Plaintiff's due process rights as protected under the Maryland Declaration of Rights by taking actions including, but not limited to:

   a. Freedom from imprisonment and seizure of freehold, liberty, and privilege without due process, and without judgment of his peers;

   b. Freedom from the deprivation of liberty without due process of the law, and without the judgment of his peers;

   c. Freedom from the abuse of power by law enforcement; and

   d. Freedom from summary punishment.

71) Specifically, Defendant Officers' actions were not for penological purposes and were committed with malice or a motive other than to bring the offender to justice.

72) Defendants had no probable cause to believe that Plaintiff owned or was ever in possession of the firearm located near the accident site.

73) Defendants acted with deliberate indifference to Mr. Wilson's established rights.

74) The Defendants acted under color of state law and in a manner which was not objectively reasonable.

75) By the actions detailed herein, including, but not limited to: applying for warrants and charges, the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony, Defendants deprived Plaintiff of his Constitutional rights under Articles 24 and 26 of the Maryland Declaration of Rights.

76) Defendants City, BPD, and/or State are vicariously liable for the constitutional violations of their employees.

77) As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages as a direct and proximate result of his malicious prosecution, as well as consciously experienced pain, suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT IV
## 42 U.S.C. § 1983 – 4th & 14th Amendment Malicious Prosecution
### (Against Defendant Morales)

78) Every paragraph not falling under this Count is incorporated herein by reference.

79) Defendant Morales deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments of the United States Constitution, said rights including freedom from unlawful seizure and malicious prosecution as well as the right to due process of law.

80) At all relevant times, the Defendant officer acted under color of State law, within his capacity and authority as a Baltimore City police officer.

81) The Defendant instituted and continued criminal proceedings against the Plaintiff. This was done through the acts described in detail elsewhere herein, including, but not limited to applying for warrants and charges, the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony, Defendants deprived Plaintiff of his Constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

13

82) The Defendants instituted and continued a criminal proceeding against the Plaintiff without probable cause. There was not sufficient evidence against the Plaintiff to form the basis for probable cause at any point. Any determinations to the contrary were unlawfully obtained by the Defendants through the falsification of police reports as well as perjurious testimony.

83) The Defendants did not close all relevant facts to the Judge or prosecutor for the purposes of making probable cause determinations.

84) The Defendants acted with malice and/or with a motive other than to bring any alleged offender to justice. The Defendants manufactured, altered, destroyed, or covered-up evidence which rendered Plaintiff's ability to present his criminal defense effectively and adequately, interfering with his right of access to the courts as protected by the United States Constitution.

85) The Defendants' actions deprived Plaintiff of his liberty for the duration of the time that he was incarcerated on these charges. Plaintiff did not consent to the Defendants' deprivation of his liberty.

86) All proceedings were terminated in favor of the Plaintiff on July 27, 2022, when his conviction for the crimes resulting from this incident was entered *nolle prosequi*.

87) As a result of the above-described malicious prosecution of the Plaintiff and denied of due process, he was deprived of his liberty without probable cause and denied other rights under the United States Constitution.

88) In addition to reviewing and approving the documentation submitted by the individual Defendant and despite knowing of the deficiencies listed elsewhere herein, Defendant

14

BPD encouraged policies and procedures and promoted the departmental culture which permitted the misconduct at issue in this case.

89) The individual Defendant committed the tortious acts or omissions described herein within the scope of his employment with Baltimore City. As such, Defendants Baltimore City and/or BPD and/or State are liable for the Defendants' conduct under the Maryland Tort Claims Act and/or the Local Government Tort Claims Act. In the alternative, the individual Defendant's tortious acts or omissions were outside of the scope of his employment with Baltimore City and the individuals are personally liable for their own conduct. In either case, Defendant Baltimore City and/or BPD and/or State are liable, under a theory of *respondeat superior*, for the violations of the United States Constitution detailed above.

90) As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages as a direct and proximate result of his malicious prosecution, as well as consciously experienced pain, suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT V
### 42 U.S.C. § 1983 – 14th Amendment Due Process
### (Against Defendant Morales)

91) Every paragraph not falling under this Count is incorporated herein by reference.

92) The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects people from being deprived of life, liberty, or property without due process of law.

93) Defendants engaged in activity that denied Plaintiff's due process rights as protected under the Fourteenth Amendment by taking actions including, but not limited to:

   a. Freedom from imprisonment and seizure of freehold, liberty, and privilege without due process, and without judgment of his peers;

   b. Freedom from the deprivation of liberty without due process of the law, and without the judgment of his peers;

   c. Freedom from the abuse of power by law enforcement; and

   d. Freedom from summary punishment.

94) Specifically, Defendant Officers' actions were not for penological purposes and were committed with malice or a motive other than to bring the offender to justice.

95) Defendants had no probable cause to believe that Plaintiff owned or was ever in possession of the firearm located near the accident site.

96) Defendants acted with deliberate indifference to Mr. Wilson's established rights.

97) The Defendants acted under color of state law and in a manner which was not objectively reasonable.

98) By the actions detailed herein, including, but not limited to: applying for warrants and charges, the submission of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony, Defendants deprived Plaintiff of his Constitutional rights under the Fourteenth Amendment.

99) Defendants City, BPD, and/or State are vicariously liable for the constitutional violations of their employees.

100) As a direct and proximate result of Defendants' conduct, Plaintiff has sustained damages as a direct and proximate result of his malicious prosecution, as well as consciously experienced pain, suffering, humiliation, and embarrassment, all to his detriment.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## COUNT VI
## Negligence
## (Against all Defendants)

101) Every paragraph not falling under this Count is incorporated herein by reference.

102) Defendant Morales owed Plaintiff a duty of care to properly document evidence collected at the scene of an incident and be truthful when making statements that may be used to initiate and pursue criminal charges against an individual.

103) All defendants owed Plaintiff a duty to conduct themselves within the bounds of federal and state law as well as the rules and regulations governing agents or employees of the Baltimore City Police Department.

104) Defendants breached that duty of care by the actions described elsewhere herein including but not limited to submitting applications for warrants and charges and the submission

of materials and approvals supportive of those applications, the submission of evidence and reports, and the offering of false and misleading testimony.

105) Plaintiff suffered damages as a direct result of Defendants' breach their duty. He was incarcerated for months until the charges were terminated *nolle prosequi* at trial.

106) As a direct and proximate result of Defendants' negligence, Plaintiff suffered the emotional injuries and other damages described elsewhere herein.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount to be determined at trial, but in excess of $75,000.00 plus interest, costs and attorneys' fees, and punitive damages, in an amount to be determined at trial, and such other and further relief as the nature of the case requires including, but not limited to, declaratory and injunctive relief declaring the conduct which is the subject of the Complaint unlawful and unconstitutional and enjoining future unlawful and unconstitutional misconduct of the same type.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Respectfully submitted,
HANSEL LAW, P.C.

/s/ Kristen Mack

Cary J. Hansel
AIS No.: 9912150020
Kristen M. Mack
AIS No.: 1712140017
cary@hansellaw.com
kmack@hansellaw.com
2514 North Charles Street
Baltimore, MD 21218
Tel: (301) 461-1040
Fax: (443) 451-8606
*Counsel for Plaintiff*

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

DESHAWN WILSON

    *Plaintiff*,

v.

STATE OF MARYLAND, *et al.*

    *Defendants.*

Civil Case No.: C-24-CV-25-006680

*Jury Trial Demanded*

## LINE REGARDING SUMMONS

Dear Sir/Madam Clerk:

Kindly accept the attached Complaint for filing, issue summons thereon, and return to undersigned counsel for service by private process.

Respectfully submitted,

HANSEL LAW, P.C.
/s/ *Kristen Mack*
Cary J. Hansel (AIS No.: 9912150020)
Kristen M. Mack (AIS No.: 1712140017)
2514 North Charles Street
Baltimore, MD 21218
Tel: (301) 461-1040
Fax: (443) 451-8606
cary@hansellaw.com
kmack@hansellaw.com
*Counsel for Plaintiff*