IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DESHAWN WILSON,                          *

    Plaintiff,                        *

v.                                       *        Civil Action No. GLR-25-2955

STATE OF MARYLAND, et al.,               *

    Defendants.                       *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Baltimore City Police Department's Motion to Dismiss (ECF No. 9), Defendant Mayor and City Council of Baltimore's Motion to Dismiss (ECF No. 10), and Defendant State of Maryland's Motion to Dismiss (ECF No. 11). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will grant the Motions.

## I.    BACKGROUND[1]

### A.    Factual Background

During the early morning hours of April 17, 2022, Plaintiff DeShawn Wilson was driving a white Honda Accord in the westbound lane of Moravia Road in Baltimore City. (Compl. ¶ 17, ECF No. 2). Shortly before 3:00 a.m., a cab-forward commercial vehicle

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 2) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

1

collided head-on with Wilson's vehicle near the intersection of Belair Road and Walther Avenue. (Id. ¶ 18). Due to the severity of the collision, Wilson temporarily lost consciousness and was unable to evacuate the vehicle on his own. (Id. ¶ 19). Firefighters were able to successfully extract Wilson from the vehicle and begin to administer emergency medical aid. (Id. ¶ 24). First Responders transported Wilson to Johns Hopkins Hospital, where he was in a coma for three days. (Id. ¶ 25). Upon regaining consciousness, medical providers informed Wilson that he suffered several injuries, including a fractured spine, fractured ribs, and a neck injury. (Id. ¶ 25).

The crux of Wilson's Complaint arises not from the car accident itself, but from the police investigation, charges, arrest, and period of incarceration that Wilson endured following the car accident. (Id. ¶¶ 26–47). That is when Defendant Officer Kenneth Morales-Mendez enters the picture. (Id. ¶ 21). Officer Morales-Mendez is an officer with the Baltimore City Police Department and was the first officer at the scene of the car accident, arriving around 3:10 a.m. (Id. ¶¶ 16, 21). Of relevance here, Officer Morales-Mendez wrote a police report to document the car accident including—most critically— the assertion that a Baltimore City Fire Department Captain who was at the scene observed a handgun on the passenger side of Wilson's vehicle as he was rendering aid to Wilson. (Id. ¶ 26). Officer Morales-Mendez's Application for Statement of Charges led to the State, on April 22, 2022, issuing Wilson a warrant that charged him with the crime of knowingly transporting a firearm. (Id. ¶ 38).

Wilson, for his part, maintains that the State had insufficient evidence to charge him with the firearm crime. (Id. ¶ 33). Indeed, Wilson points out that he was unconscious while

Officer Morales-Mendez searched his vehicle, and the subsequent firearm charge, therefore, was based in part or entirely on the statement of the first responder as reported to Officer Morales-Mendez, despite this accident occurring in a "large intersection in a public thoroughfare with significant and constant foot traffic," which means this "is not a situation where the firearm could only have come from Mr. Wilson." (Id. ¶¶ 36–38). Further, Wilson alleges that internal correspondence shows discrepancies between Officer Morales-Mendez's recitation of events and his body-worn camera footage. (Id. ¶¶ 28–29). Wilson maintains that he was never in possession of a firearm "at any time surrounding the vehicle collision" nor was there any evidence to show that he "ever owned, possessed, or was even aware of the firearms' existence before he was charged with possessing it." (Id. ¶¶ 32–33).

Nevertheless, the State arrested Wilson for the firearm charge while he was still recovering in the hospital. (Id. ¶ 39). A judge denied Wilson bail. (Id. ¶ 41). Wilson was transferred to the Baltimore Central Booking and Intake Facility, where he was held on regular tier despite his injuries. (Id. ¶ 40). Ultimately, the state dropped the charges, which Wilson alleges was "due to the State's inability to produce a consistent witness account or any evidence verifying the firearm's actual location or ownership." (Id. ¶ 42).

Wilson now brings this Complaint alleging that he was wrongfully incarcerated for nearly three "excruciating months, while recovering from life-threating injuries," where he "endured constant pains, limited mobility, and restricted access to adequate medical care." (Id. ¶ 43). He further alleges that because of "these false and unsupported claims at the hands of corrupt officers and systems," he has suffered and continues to suffer "extreme

3

emotional trauma, physical pains, economic loss, including three months of lost wages, reputational harm, and missed personal and professional opportunities." (Id. ¶ 44).

**B.      Procedural History**

On July 25, 2025, Wilson filed a Complaint in the Circuit Court for Baltimore City. (ECF No. 1-4). On September 8, 2025, the Mayor and City Council of Baltimore and the Baltimore City Police Department removed the case to this Court based on federal question jurisdiction. (Notice of Removal, ECF No. 1). The six-count Complaint alleges violations of malicious prosecution under Articles 24 and 26 of the Maryland Declaration of Rights and Maryland common law (Counts I and II) against all Defendants; a violation of due process under Articles 24 and 26 of the Maryland Declaration of Rights (Count III) against all Defendants; violations of 42 U.S.C. § 1983 (Counts IV and V) as to Officer Morales-Mendez; and negligence (Count VI) as to all Defendants. (Compl. ¶¶ 48–106). Baltimore City Police Department filed a Motion to Dismiss on September 15, 2025 (ECF No. 9); Mayor and City Council of Baltimore filed a Motion to Dismiss on September 15, 2025 (ECF No. 10); and State of Maryland filed a Motion to Dismiss on September 18, 2025 (ECF No. 11). Wilson filed a Joint Opposition to the Mayor and City Council of Baltimore and Baltimore City Police Department's Motions on October 9, 2025. (ECF No. 16). Wilson filed an Opposition to the State's Motion to Dismiss on October 17, 2025. (ECF No. 23). The State of Maryland filed a Reply on October 31, 2025. (ECF No. 26). The Mayor and City Council of Baltimore and Baltimore City Police Department filed a Joint Reply on November 4, 2025. (ECF No. 27).

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>King v. Rubenstein</u>, 825 F.3d 206, 214 (4th Cir. 2016) (quoting <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. <u>Goss v. Bank of Am., N.A.</u>, 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting <u>Walters v. McMahen</u>, 684 F.3d 435, 439 (4th Cir. 2012)), <u>aff'd</u>, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, accept the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. <u>See</u> <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994); <u>Lambeth v. Bd. of Comm'rs of Davidson Cnty.</u>, 407 F.3d 266, 268 (4th Cir. 2005). But the court need not accept unsupported or conclusory factual allegations devoid

of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

**B.**     **Analysis**

    **1.**     **Mayor and City Council of Baltimore's Motion to Dismiss**

The Court will address the three pending Motions to Dismiss in turn, beginning first with the Mayor and City Council's Motion. As a reminder, Wilson brings the following claims against the Mayor and City Council of Baltimore: Maryland Declaration of Rights – Malicious Prosecution (Count I); Common Law Malicious Prosecution (Count II); Maryland Declaration of Rights – Due Process (Count III); and Negligence (Count VI). (Compl. ¶¶ 48–77, 101–106). The Mayor and City Council of Baltimore move to dismiss Wilson's Complaint because they assert that Officer Morales-Mendez is not an agent of the city and the city had no legal role in setting Baltimore City Police Department policy at the time the incident occurred in February 2022. (Def. Mayor & City Council Balt. Mem. L. Supp. Mot. Dismiss ["City's Mot."] at 5, ECF No. 10-1).[2] Wilson counters that the Mayor and City Council of Baltimore's Motion should be denied because none of these defenses warrant dismissal of any of his claims. (Pl.'s Opp'n Defs.' Mayor & City Council Balt. and Balt. Police Dep't Mem. L. Supp. Mot. Dismiss ["Opp'n"] at 6, ECF No. 16). For the reasons set forth below, the Court agrees with the Mayor and City Council and will grant its Motion to Dismiss.

---

    [2] Unless otherwise noted, citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

The Mayor and City Council of Baltimore argue that the Baltimore City Police Department is an agency of the State of Maryland and not of the city. (City's Mot. at 5). Thus, in the Mayor and City Council's view, no liability can rest on it based upon the conduct of Officer Morales-Mendez. (Id.). The Mayor and City Council's argument is dispositive of Wilson's state law claims to the extent they are premised on respondeat superior liability. Indeed, as the Maryland Supreme Court has explained:

> The decisions of this Court concerning the liability of the City of Baltimore for the acts, activity and inaction of the Police Department, over which it has no power, have been consistent and unequivocal, premised on, and holding uniformly, that the Baltimore Police Department is an entity of the State, and not of the City of Baltimore.
>
> . . .
>
> "By Ch. 367 of the Acts of 1867, the General Assembly of Maryland made the Police Department of Baltimore City a state agency; its officials and officers were designated as state officers. Since that time, this Court has consistently held that Baltimore City should not be regarded as the employer of members of the Baltimore City Police Department for purposes of tort liability."

Mayor & City Council of Balt. v. Clark, 944 A.2d 1122, 1130 (Md. 2008) (emphasis added) (quoting Clea v. Mayor & City Council of Balt., 541 A.2d 1303, 1306 (Md. 1988)). Put simply, Wilson "cannot bring state-law claims against the City based on the actions of [Officer Morales-Mendez]." Nicholson v. Balt. Police Dep't, No. DKC 20-3146, 2021 WL 1541667, at *10 (D.Md. Apr. 20, 2021). That is because "to impose respondeat superior liability, the defendant must have an agency or employment relationship with the alleged wrongdoer . . . [and] BPD is not an agency of the City; it is an agency of the state." Id. Nothing Wilson offers in Opposition refutes this conclusion as to his claims asserted under

7

the Maryland Constitution, common law negligence, and common law malicious prosecution. Accordingly, all claims against the Mayor and City Council of Baltimore will be dismissed.[3]

### 2.    Baltimore City Police Department's Motion to Dismiss

The Court will next address the Baltimore City Police Department's Motion to Dismiss. The Baltimore City Police Department moves to dismiss Wilson's Complaint because it asserts that sovereign immunity shields it from liability on state and common law claims. (Def. Balt. Police Dep't Mem. L. Supp. Mot. Dismiss at 6, ECF No. 9-1). Wilson disputes the availability of sovereign immunity at this stage of the litigation. (Opp'n at 6–7). For the reasons set forth below, the Court agrees that sovereign immunity bars Wilson's state law claims as asserted against the Baltimore City Police Department.

Under longstanding caselaw, the Baltimore City Police Department "exists as an agency of the State, and therefore enjoys the common law sovereign immunity from tort

---

[3] In Wilson's Opposition to the Mayor and City Council's and Baltimore City Police Department's Motions to Dismiss, Wilson asserts that he has "establish[ed] a claim for malicious prosecution under § 1983" and a "Constitutional Due Process" claim under Counts I, III, and IV against these defendants. (Opp'n at 13–20). As the Baltimore City Police Department and Mayor and City Council of Baltimore correctly point out in their Reply, Wilson's Complaint does not allege a Section 1983 claim as against them. (Balt. Police Dep't and Mayor & City Council of Balt. City Joint Reply Pl.'s Opp'n Mots. Dismiss at 2, ECF No. 27; Compl. ¶¶ 60–68). Wilson's claims under Section 1983 are brought only as "Against Defendant Morales," (Compl. ¶¶ 78–100), and it is well established that a plaintiff cannot amend their complaint through subsequent briefing, Hurst v. District of Columbia, 681 F.App'x 186, 194 (4th Cir. 2017). Additionally, to the extent that Wilson seeks to hold these institutions liable under Section 1983, Wilson does not cite Monell v. Department of Social Services, 436 U.S. 658 (1978), nor does he sufficiently identify a practice, policy, or custom that violates his constitutional rights in his Complaint, and the Court declines to make arguments on behalf of a litigant.

liability of a State agency." <u>Balt. Police Dep't v. Cherkes</u>, 780 A.2d 410, 428 (Md.Ct.Spec.App. 2001). Courts in this district have consistently upheld this principle and have dismissed complaints against the Baltimore City Police Department as it relates to common law and constitutional claims. <u>See, e.g.</u>, <u>Tillery v. U.S. Marshals Serv.</u>, No. SAG-23-00402, 2024 WL 3598117, at *5 (D.Md. July 31, 2024) ("BPD is entitled to sovereign immunity from state common law and constitutional claims."). Indeed, in some cases, plaintiffs simply concede this point. <u>Burley v. Balt. Police Dep't</u>, 422 F.Supp.3d 986, 1024 (D.Md. 2019) ("Plaintiffs acknowledge that the BPD is entitled to sovereign immunity as to State law claims."). Nothing Wilson offers in his Opposition defeats this indisputable caselaw. The Court will therefore grant Baltimore City Police Department's Motion to Dismiss.[4]

### 3.    State of Maryland's Motion to Dismiss

Finally, the State moves to dismiss Wilson's Complaint, asserting that it has sovereign immunity from claims against municipal police departments and has not waived this immunity. (Def. State of Md Mem. L. Supp. Mot. Dismiss ["State's Mot."] at 3, ECF No. 11-1). Wilson again disputes the availability of sovereign immunity. (Pl.'s Mem. L.

---

[4] Wilson argues alternatively that "[e]ven if this Court does not find separate respondeat superior liability . . . , Defendant Baltimore Police Department is still a necessary party given its indemnification obligation pursuant to the [Local Government Tort Claims Act]." (Opp'n at 12). This argument fails for several reasons. First, "the issue of BPD's duty to indemnify is premature [at the Motion to Dismiss Stage]," and this entity is not a necessary party to this case at this time. <u>Burley v. Balt. Police Dep't</u>, 422 F.Supp.3d 986, 1026 (D.Md. 2019). Second, Wilson fails to allege or raise indemnification in his Complaint and will not be permitted to amend his pleadings through subsequent briefing. <u>Hurst</u>, 681 F.App'x at 194.

Supp. Opp'n Def. State of Md's Mot. Dismiss ["Opp'n to State's Mot."] at 5, ECF No. 23). For the reasons set forth below, the Court agrees with the State and will grant its Motion to Dismiss.

The doctrine of state sovereign immunity is "firmly embedded in the law of Maryland." Katz v. Wash. Suburban Sanitary Comm'n, 397 A.2d 1027, 1030 (Md. 1979). Unless the Maryland General Assembly has waived immunity, state sovereign immunity bars an individual from maintaining a suit for money damages against the State of Maryland or one of its agencies for violations of State law. See Cherkes, 780 A.2d at 424 (citation omitted). As the State correctly notes, the Maryland Tort Claims Act ["MTCA"] "functions as a limited waiver of the State's sovereign immunity." (State's Mot. at 4). This waiver requires a tortious act attributable to State personnel, which is a defined term in the MTCA. Md. Code Ann., State Gov't § 12-101(a). Critically, the definition of "State personnel" does not include members of the Baltimore City Police Department. See Harrell v. Bealefeld, No. CCB-11-3046, 2013 WL 931677, at *3 (D.Md. Mar. 7, 2013) ("Although the Baltimore City Police Department is a state agency, city police are not defined as state personnel for the purposes of the MTCA. Rather, employees of the police department are regarded as local government employees entitled to the protection and immunity provided by the [MTCA]." (quoting Houghton v. Forrest, 989 A.2d 223, 230 (Md. 2010))).

Here, Wilson acknowledges that "[t]here is some precedent to the contrary [of his position that the State is not entitled to sovereign immunity]," but asserts that "these cases have been wrongly decided." (Opp'n to State's Mot. at 8 n.1). In the absence of any contrary authority, the Court is not persuaded by Wilson's conclusory assertion disagreeing

10

with the caselaw within this Circuit and under Maryland law. Accordingly, the State retains immunity from all state-law claims asserted against it and the Court will grant its Motion.

### III.    CONCLUSION

For the foregoing reasons, the Court will grant the State of Maryland's Motion to Dismiss (ECF No. 11), the Mayor and City Council's Motion to Dismiss (ECF No. 10), and the Baltimore City Police Department's Motion to Dismiss (ECF No. 9). Wilson's Complaint will be dismissed without prejudice as to these Defendants. Defendant Officer Morales-Mendez filed an Answer (ECF No. 21), and the Court will schedule a Discovery Conference. A separate Order follows.

Entered this 11th day of March, 2026.

_____/s/_____
George L. Russell, III
Chief United States District Judge
